STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
YORK, ss.


LARK E. PITTS,

        Plaintiff

        v.                          DOCKET NO. RE-06-145


ALLAN N. PITTS,

        Defendant

**********************************
ALLAN N. PITTS,

        Plaintiff

        v.                          DOCKET NO. RE-06-186


LARK E. PITTS,

        Defendant

## JUDGMENT

These consolidated cases were heard at a non-jury trial conducted on December 18, 2007. At trial I made findings of fact on the record (see transcript) and requested memoranda of law from counsel, which were filed by January 28, 2008.

Briefly stated, the facts reveal that the parties met and became domestic companions in the late 1970's. They married and had two children together. In 1985 they divorced. Approximately a year later they resumed living together as a family unit but did not re-marry. After living in various apartments, they bought a trailer in a mobile home park. In 1995, at the request of Allan's aging father, they moved into the father's home and moved their trailer to that location. Subsequently, Allan's father

deeded the property to Allan in exchange for the right to live there and be cared for as long as his health would permit. Allan's father died in 1998 and Lark and Allan remained at the property until 2003, when they again separated.

In her complaint, Lark seeks to have a constructive trust imposed on the real and personal property acquired by her and Allan during the approximately eighteen years they lived together, although unmarried. Allan's case is a Forcible Entry and Detainer action brought to oust Lark from the trailer. Lark raised a claim of title in that action, which was then transferred to Superior Court and consolidated with Lark's claims.

At the time of trial, Maine law was somewhat unsettled concerning the reciprocal rights of unmarried co-habitants with respect to property acquired by virtue of mutual effort or contribution during the period of co-habitation. These issues were substantially clarified by the Law Court in *Thibeault v. Brackett*, 2007 ME 154 (12/27/07). *Thibeault* makes clear that a cause of action for unjust enrichment may provide a remedy in a case such as this.

Based on the factual findings made on the record, I find and conclude that Lark has proven her claim for unjust enrichment. Specifically:

1) Lark conferred benefits on Allan; she contributed her earnings to the household, she cared for the children, she ministered to Allan's father during his declining health, which care was an essential element of Allan's father's decision to deed the homestead to Allan.

2) Allan was aware of the benefits of Lark's contributions, both financial and as a caregiver to the children and Allan's father.

3) Retention by Allan alone of the real and personal property acquired in Allan's name alone during co-habitation would be inequitable without compensation to Lark because, as the findings of fact articulate, but for Lark's contributions, Allan would not have been able to acquire the property.

2

# REMEDY

Unjust enrichment is an equitable theory. For the reasons articulated in the findings of fact, I conclude that Lark and Allan made essentially equal contributions to the three major disputed assets acquired in Allan's name during co-habitation: the real estate, including the mobile home; a Kawasaki motorcycle and a Kubota tractor. Therefore, Lark should equitably be entitled to receive one-half of the unencumbered value of these assets. With respect to the motorcycle and the tractor, Allan may either sell them, pay off any undebtedness related thereto and divide the proceeds equally, or obtain a *bona fide* estimate of value and purchase Lark's interest by paying her one-half the "equity" value in these items. This should be accomplished within sixty days hereof. With respect to the real estate, using the 2007 tax valuation as a basis and deducting any encumbrances against the property as of December 18, 2007, Allan may either purchase Lark's interest in the property by paying Lark one-half of the "equity" value of the property or sell the property in a commercially reasonable manner and divide the proceeds equally. Allan should elect which option to pursue within ninety days hereof.

No award of rent is made to Allan.[1]

The entry will be as follows:

1) On Lark's complaint, judgment for Lark as set out above; on Allan's counterclaim for rent, judgment for Lark.

2) On Allan's Forcible Entry and Detainer claim, judgment for Allan.

At the direction of the Court, this Order shall be incorporated into the docket by reference. */s/* Rule 79(a).

Dated:      February 12, 2008

G. Arthur Brennan
Justice, Superior Court

---

[1]      Lark has been paying $300.00 per month rent under a District Court order in the F.E.D. action.

RE-06-145

PLAINTIFF:
S. JAMES LEVIS, JR., ESQ.
LEVIS & INGRAHAM
338 MAIN ST
SACO ME   04072


DEFENDANT:
RONALD J. GRAFF, ESQ.
STEEVES & GRAFF
PO BOX 1815
STANDISH ME   04084

RE-06-186

PLAINTIFF:
RONALD J. GRAFF
STEEVES & GRAFF
PO BOX 1815
STANDISH ME   04084


DEFENDANT:
S. JAMES LEVIS, JR., ESQ.
LEVIS & INGRAHAM
338 MAIN ST
SACO ME   04072